IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3193-D

| | |
|---|---|
| LLOYD BELL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SARA REVELL, | ) |
| Defendant. | ) |

On November 30, 2009, Lloyd Bell ("Bell" or "plaintiff"), a former federal pretrial detainee,[1] filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in the District of Columbia [D.E. 1]. Bell proceeds in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On December 7, 2009, the United States District Court for the District of Columbia transferred the action to this district [D.E. 4]. Bell names as defendant FMC-Butner Warden Sara M. Revell. Compl. 1. On November 30, 2010, defendant moved to dismiss the complaint [D.E. 12]. On December 1, 2010, the court notified Bell about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 14]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Bell did not respond, and the time within which to do so has expired. As explained below, defendant's motion to dismiss is granted.

---

[1] When he filed this action, Bell was housed at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), undergoing evaluation pursuant to 18 U.S.C. §§ 4241 and 4243 by order of the Eastern District of Louisiana in Unites States v. Bell, No. 2:06-CR-246-SRD-SS-1, [D.E. 97] (E.D. La. June 16, 2010) (unpublished). See Cox Decl. ¶ 5 & Attach. 1. On March 31, 2011, that court found Bell not guilty by reason of insanity of threatening to assault or kill a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B), and ordered him conditionally released under a prescribed regimen of medical, psychiatric, or psychological care or treatment. See Bell, No. 2:06-CR-246-SRD-SS-1, [D.E. 118] at 2 (Mar. 31, 2011) (unpublished).

I.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Bell alleges that defendant has exercised deliberate indifference to his serious medical need, which involves "blood in [his] eyes/conjunctiva damage" and requires treatment with "eye medication or/and a eye laser kerotectomy procedure." Compl. 3. Defendant seeks dismissal of Bell's claims for failure to exhaust administrative remedies. Mem. Supp. Mot. Dismiss 2–4. Failure to exhaust is an affirmative defense that defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Defendant has submitted evidence indicating that Bell did not file any grievances while confined at Butner. Cox Decl. ¶ 6.

2

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Bureau of Prisons ("BOP") provides a four-step, sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15.

> First, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP-9 form. The BP-8 and BP-9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP-10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP-11 form. Id.

Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See 42 U.S.C. § 1997e(a); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD,

3

2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Stokes v. Moore, No. 5:08-CT-3045-FL, slip op. at 4 (E.D.N.C. Jan. 26, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, the court grants defendant's motion to dismiss on the exhaustion issue and dismisses without prejudice Bell's complaint.

II.

For the reasons stated, the court GRANTS defendants' motion to dismiss [D.E. 12]. The action is DISMISSED without prejudice.

SO ORDERED. This 2 day of May 2011.

JAMES C. DEVER III
United States District Judge

4